IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JODDA MOORE, and TERRELL AIKEN, individually and on behalf of all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>INDEPENDENCE BLUE CROSS, LLC d/b/a INDEPENDENCE BLUE CROSS,<br><br>Defendant. | JURY TRIAL DEMANDED<br><br>No. _____ |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs, Jodda Moore ("Plaintiff Moore") and Terrell Aiken ("Plaintiff Aiken") (collectively, "Plaintiffs"), by and through their counsel, Mobilio Wood, and Cohn Lifland Pearlman Herrmann & Knopf LLP, individually and on behalf of all others similarly situated, allege as follows:

### INTRODUCTION

1. This lawsuit arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 260.1, *et seq*. ("PMWA"), and Pennsylvania common law, as a result of Defendant's failure to pay Plaintiffs, and other similarly situated employees who are members of the Collective and Class defined herein, all earned wages.

2. Plaintiffs bring this action as: (i) a collective action pursuant to the FLSA; and (ii) a class action pursuant to Pennsylvania statutory and common law and Rule 23 of the Federal Rules of Civil Procedure, to recover unpaid wages and unpaid overtime wages.

3. Plaintiffs, as well as the Collective and Class members, are persons who perform or performed work for Defendant Independence Blue Cross, LLC d/b/a Independence Blue Cross ("Defendant") as customer service representatives in Defendant's Member Health Team department (collectively, "CSRs", and each, individually, a "CSR").

4. As further described herein, Defendant willfully violated the FLSA, the PMWA, and Pennsylvania common law (the PMWA and Pennsylvania common law are collectively referred to herein as "PA Laws") by requiring Plaintiffs and other CSRs to reboot and load their computers, log-in to their computers, and open and load various software applications and web browsers, prior to the commencement of their shifts and without compensation.

## CLASS AND COLLECTIVE DEFINITIONS

5. Plaintiffs bring this suit on behalf of the following similarly situated collective:

> All individuals who perform or performed work for Defendant as CSRs, at any time during the applicable limitations period covered by this Complaint (*i.e.*, two years for FLSA violations, and three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are named Plaintiffs or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 16(b) (the "Collective").

6. Plaintiffs also bring this suit on behalf of the following similarly situated class of persons:

> All individuals who perform or performed work for Defendant as CSRs at any time during the period beginning four years before the filing of this Complaint up to and including the date of final judgment in this matter (the "Class").

## PARTIES

7. Plaintiff Moore is an adult individual and a citizen of the Commonwealth of Pennsylvania.

2

8. Plaintiff Moore has consented in writing to be a plaintiff in this action and has executed a Consent to Sue form.

9. Plaintiff Moore was employed by Defendant as a CSR from in or about August 2021 through December 2022.

10. Plaintiff Moore worked remotely, from her home, throughout her employment with Defendant.

11. Plaintiff Aiken is an adult individual and a citizen of the Commonwealth of Pennsylvania.

12. Plaintiff Aiken has consented in writing to be a plaintiff in this action and has executed a Consent to Sue form.

13. Plaintiff Aiken was initially employed by Defendant as a CSR from in or about August 2018 through July 2021, and again as a CSR from in or about August 2021 through July 2022.

14. Plaintiff Aiken worked on-site for Defendant at its Philadelphia, Pennsylvania headquarters from the commencement of his employment through approximately March 2020, and thereafter worked remotely, from his home, for the remainder of his employment.

15. Defendant is a Pennsylvania limited liability company with its headquarters at 1901 Market Street, Philadelphia, Pennsylvania 19103.

16. At all relevant times, Defendant has transacted business, including the employment of Plaintiffs and CSRs, within the Commonwealth of Pennsylvania, including within this judicial district.

17. In engaging in the conduct alleged herein, Defendant acted in the course, scope of, and in furtherance of the aforementioned employment relationships.

**JURISDICTION AND VENUE**

18. This Court has jurisdiction over this action in accordance with 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*.

19. This Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

20. Venue is properly laid in this judicial district pursuant to 28 U.S.C. § 1391, because acts or omissions giving rise to the claims of the Plaintiffs alleged herein occurred within this judicial district, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein in this judicial district and, thus, is subject to personal jurisdiction in this judicial district.

**FACTUAL ALLEGATIONS**

**A.   Defendant's Operations and the Role of CSRs**

21. Defendant is a leading health insurance company in southeastern Pennsylvania that offers a range of products and services, including insurance coverage for individuals, national businesses, large employer groups, and small businesses; Medicare supplemental and Medicare Advantage products; Medicaid; and specialty services such as vision and dental coverage.

22. Defendant employs hourly-paid CSRs to assist its actual and prospective customers.

23. The job duties and responsibilities of CSRs consist of, among other things, managing incoming calls and customer service inquiries, educating and assisting callers with

respect to Defendant's insurance products, and identifying and assessing customer needs to achieve satisfaction.

24. At all times relevant and material herein, approximately seventy (70) CSRs performed work for Defendant at any given time.

25. Defendant's CSRs were and are non-exempt employees under the FLSA and PMWA.

**B.  Defendant Regularly Requires CSRs to Reboot and Load Their Computers, Log-In to Their Computers, and Open and Load Various Software Applications and Web Browsers, Prior to the Commencement of Their Shifts and Without Compensating Them**

26. Defendant's CSRs utilize a computer provided by Defendant in order to perform their job duties.

27. Defendant maintains common timekeeping and compensation policies and practices applicable to all CSRs, including the following:

a) CSRs are instructed to reboot their computers at the beginning of each work day in order to achieve optimal performance;

b) Upon rebooting their computers, CSRs are required to wait for any system and/or software updates that have been implemented since the conclusion of their previous shifts. CSRs typically encounter system and/or software updates several times per week;

c) After rebooting their computers and waiting for any updates to install, CSRs must log-in to their computers with a user ID and password, and wait for the computers to load;

d) Once the computers load, CSRs are required to open and load several software applications and web browsers utilized to facilitate customer service calls.

5

28.     Defendant requires CSRs to complete all of the foregoing steps, referred to hereafter as "Computer Prep Work," <u>before</u> their scheduled punch-in time, and without compensation.

29.     The foregoing policies and procedures regarding Computer Prep Work apply equally to Defendant's in-office CSRs and remote CSRs, including Plaintiffs.

30.     Plaintiffs typically spent approximately fifteen (15) to thirty (30) minutes per day, prior to the beginning of each shift, rebooting and loading their computers, logging-in to their computers, and opening and loading various software applications and web browsers, without being compensated.

31.     Excluding the time spent performing uncompensated Computer Prep Work, CSRs, including Plaintiffs, regularly work or worked at least thirty-seven and one-half (37.5) hours per workweek.

32.     However, during the Member Health Team department's "busy season," which begins every October 1, and ends the following April 1, Defendant mandates that all CSRs work an additional two (2) to (6) hours, or more, per workweek.  Therefore, including time spent performing Computer Prep Work, CSRs, including Plaintiffs, regularly work more than forty (40) hours per week during the busy season, and also sometimes work more than forty (40) hours per week during other times of the year.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

33.     Plaintiffs bring this action on behalf of the Collective as a collective action pursuant to the FLSA, 29 U.S.C. §§ 207 and 216(b).  The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

34. As described herein, Defendant regularly failed to compensate CSRs for all hours worked, including for time spent performing Computer Prep Work prior to the commencement of their shifts.

35. Defendant also failed to compensate CSRs for all hours worked in excess of forty (40) hours per workweek.

36. Plaintiffs, having been employed by Defendant as CSRs, and subjected to the same pay policies and unlawful pay practices applicable to all CSRs, as set forth above, are similarly situated to the members of the Collective.

37. Plaintiffs also bring this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of themselves and the Class for claims under the PA Laws. The claims brought pursuant to the PA Laws may be pursued by all similarly situated persons who do not opt out of the Class pursuant to Fed. R. Civ. P. 23.

38. Upon information and belief, the members of the Class are so numerous that joinder of all members is impracticable. While the exact number of the members of the Class is unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery, as set forth above, Plaintiffs believe there are well over forty (40) individuals in the Class.

39. The claims of Plaintiffs are typical of the claims of the Class they seek to represent. Plaintiffs and the members of the Class worked for Defendant as CSRs and were subject to the same compensation policies and practices, as set forth above.

40. Common questions of law and fact exist as to the Class that predominate over any questions affecting Class members individually and include, but are not limited to, the following:

    (a) whether Defendant had a uniform policy and/or practice of failing to pay CSRs for all hours worked;

(b) whether Defendant's conduct in failing to pay CSRs for all hours worked was willful;

(c) whether Defendant failed to pay CSRs overtime compensation for all hours worked in excess of 40 per workweek;

(d) whether Plaintiffs and members of the Class are entitled to compensatory damages, and if so, the means of measuring such damages;

(e) whether Plaintiffs and members of the Class are entitled to restitution;

(f) whether Plaintiffs and the members of the Class are entitled to liquidated damages; and

(g) whether Defendant is liable for attorneys' fees and costs.

41. Plaintiffs will fairly and adequately protect the interests of the Class as their interests are in alignment with those of the members of the Class. Plaintiffs have no interests adverse to the Class they seek to represent, and have retained competent and experienced counsel.

42. The class action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy. The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

43. Defendant has acted willfully and with a lack of good faith in its violations of the FLSA and PA Laws.

## COUNT I

**FAIR LABOR STANDARDS ACT: OVERTIME WAGE VIOLATIONS**
**(On Behalf of Plaintiffs and the Collective)**

44. Plaintiffs, on behalf of themselves and the Collective, reallege and incorporate by reference the paragraphs above as if they were fully set forth at length again herein.

45. At all relevant times, Defendant was an employer engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

46. Specifically, at all relevant times, Defendant employed and/or continues to employ, CSRs such as Plaintiffs and the members of the Collective and the Class, "engaged in commerce or in the production of goods for commerce" and "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce," within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

47. At all relevant times, Defendant also has had annual gross volume of sales made or business done in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

48. In addition, or in the alternative, Plaintiffs and members of the Collective regularly used the instrumentalities of interstate commerce in their work.

49. At all relevant times, Defendant employed Plaintiffs and each of the Collective members within the meaning of the FLSA.

50. At all relevant times, Plaintiffs and members of the Collective were non-exempt employees under the FLSA and were entitled to be paid overtime compensation for all hours worked in excess of 40 hours per workweek.

51. Pursuant to Defendant's policies and procedures, Defendant willfully failed to pay overtime compensation to CSRs for time spent performing Computer Prep Work, including rebooting and loading their computers, logging-in to their computers, and opening and loading various software applications and web browsers at the beginning of each day.

52. As a result of Defendant's willful failure to compensate its employees, including Plaintiffs and members of the Collective, the appropriate overtime compensation for all hours

worked in excess of 40 hours per workweek, Defendant violated the FLSA, 29 U.S.C. § 201, *et seq*.

53. Defendant's conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

54. Due to Defendant's FLSA violations, Plaintiffs, on behalf of themselves and the members of the Collective, are entitled to recover from the Defendant: compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### FAIR LABOR STANDARDS ACT: OVERTIME GAP TIME VIOLATIONS
### (On Behalf of Plaintiffs and the Collective)

55. Plaintiffs, on behalf of themselves and the Collective, reallege and incorporate by reference the paragraphs above as if they were fully set forth at length again herein.

56. As set forth above, pursuant to Defendant's policies and procedures, Defendant willfully and regularly failed to pay CSRs for time spent performing Computer Prep Work, including rebooting and loading their computers, logging-in to their computers, and opening and loading various software applications and web browsers at the beginning of each day.

57. Due to Defendant's compensation policies and procedures, the total hours worked by Plaintiffs and the Collective, during weeks in which they were compensated for working less than 40 hours, actually exceeded 40 hours.

58. For each week during which Plaintiffs and the members of the Collective worked more than 40 hours, in addition to the overtime claim set forth above, they are entitled to recover "overtime gap time" for any unpaid work under 40 hours.

59. As a result of Defendant's willful failure to compensate its employees, including Plaintiffs and members of the Collective, the appropriate straight-time compensation for all weeks in which total hours worked exceeded 40 hours per workweek, Defendant violated the FLSA, 29 U.S.C. § 201, *et seq.*

60. Defendant's conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

61. Due to Defendant's FLSA violations, Plaintiffs, on behalf of themselves and the members of the Collective, are entitled to recover from the Defendant: compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III

**PENNSYLVANIA MINIMUM WAGE ACT:
OVERTIME WAGE VIOLATIONS
(On Behalf of Plaintiffs and the Class)**

62. Plaintiffs, on behalf of themselves and the members of the Class, reallege and incorporate by reference the paragraphs above as if they were fully set forth at length again herein.

63. At all relevant times, Plaintiffs and members of the Class were non-exempt employees under the PMWA and were entitled to be paid overtime compensation for all hours worked in excess of 40 hours per workweek.

64. Pursuant to Defendant's policies and procedures, Defendant willfully failed to pay overtime compensation to CSRs for time spent performing Computer Prep Work, including rebooting and loading their computers, logging-in to their computers, and opening and loading various software applications and web browsers at the beginning of each day.

65.     As a result of Defendant's willful failure to compensate its employees, including Plaintiffs and members of the Class, the appropriate overtime compensation for all hours worked in excess of forty (40) hours per workweek, Defendant violated the PMWA, 43 P.S. § 260.1 *et seq*.

66.     Due to the Defendant's violations, Plaintiffs, on behalf of themselves and the members of the Class, are entitled to recover from Defendant the amount of unpaid overtime wages, liquidated damages, and attorneys' fees and costs.

## COUNT IV

**PENNSYLVANIA MINIMUM WAGE ACT:**
**OVERTIME GAP TIME VIOLATIONS**
**(On Behalf of Plaintiffs and the Class)**

67.     Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference the paragraphs above as if they were fully set forth at length again herein.

68.     As set forth above, pursuant to Defendant's policies and procedures, Defendant willfully and regularly failed to pay overtime compensation to CSRs for time spent performing Computer Prep Work, including rebooting and loading their computers, logging-in to their computers, and opening and loading various software applications and web browsers at the beginning of each day.

69.     Due to Defendant's compensation policies and procedures, the total hours worked by Plaintiffs and the Class, during weeks in which they were compensated for working less than 40 hours, actually exceeded 40 hours.

70.     For each week during which Plaintiffs and the members of the Class worked more than 40 hours, in addition to the overtime claim set forth above, they are entitled to recover "overtime gap time" for any unpaid work under 40 hours.

71.     As a result of Defendant's willful failure to compensate its employees, including Plaintiffs and members of the Class, the appropriate straight-time compensation for all weeks in which total hours worked exceeded 40 hours per workweek, Defendant violated the PMWA, 43 P.S. § 260.1 *et seq.*

72.     Due to the Defendant's violations, Plaintiffs, on behalf of themselves and the members of the Class, are entitled to recover from Defendant the amount of unpaid overtime wages, liquidated damages, and attorneys' fees and costs.

**COUNT V**

**VIOLATION OF PENNSYLVANIA COMMON LAW:
UNJUST ENRICHMENT**
**(On Behalf of Plaintiffs and the Class)**

73.     Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference the paragraphs above as if they were fully set forth at length again herein.

74.     Plaintiffs and the members of the Class were employed by Defendant within the meaning of the PA Laws.

75.     At all relevant times, Defendant maintained a willful policy and practice of failing to compensate CSRs for all hours worked per workweek, which resulted in Plaintiffs and other CSRs being paid for less straight-time and overtime hours than they had worked.

76.     Defendant retained the benefits of their failure to compensate Plaintiffs and other CSRs under circumstances which rendered it inequitable and unjust for Defendant to retain such benefits.

77.     Defendant was unjustly enriched by failing to compensate Plaintiffs and other CSRs.

78. As a direct and proximate result of Defendant's unjust enrichment, Plaintiffs and the members of the Class suffered injury and are entitled to reimbursement, restitution, and disgorgement from Defendant of the benefits conferred by Plaintiffs and the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated members of the Class and Collective, respectfully request that this Court grant the following relief against Defendant:

A. Certification of this action as a collective action on behalf of the Collective, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), apprising the Collective members of the pendency of this action, and permitting the Collective members to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

B. Certification of the action as a class action under Fed. R. Civ. P. 23(b)(3) on behalf of the Class;

C. On the first claim for relief, an award of unpaid compensation for overtime and an additional amount as liquidated damages to Plaintiffs and the members of the Collective;

D. On the second claim for relief, an award of unpaid compensation for "overtime gap time" and an additional amount as liquidated damages to Plaintiffs and the members of the Collective;

E. On the third claim for relief, an award of unpaid compensation for overtime and an additional amount as liquidated damages to Plaintiffs and the members of the Class;

F.      On the fourth claim for relief, an award of unpaid compensation for "overtime gap time" and an additional amount as liquidated damages to Plaintiffs and the members of the Class;

G.      On the fifth claim for relief, an award of reimbursement, restitution, and disgorgement from Defendant of wages improperly retained by Defendant to the Plaintiffs and the members of the Class;

H.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiffs and members of the Class and Collective, pursuant to the PMWA and FLSA, respectively; and

I.      Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a jury trial on all issues so triable.

Respectfully submitted,

Date: 2/13/2023      BY:    /s/ Peter C. Wood, Jr.
Peter C. Wood, Jr., Esq. (ID No. 310145)
**MOBILIO WOOD**
900 Rutter Ave., Box 24
Forty Fort, PA 18704
Phone: (570) 234-0442
Fax: (570) 266-5402
peter@mobiliowood.com

*Co-Counsel for Plaintiffs Jodda Moore and Terrell Aiken*

Alex Pisarevsky, Esq. (NJ 029262008)
(To be admitted *Pro Hac Vice*)
Erika R. Piccirillo, Esq. (NJ 098362014)
(To be admitted *Pro Hac Vice*)
**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**

Park 80 West-Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 07663
Phone: (201) 845-9600
Fax: (201) 845-9423
ap@njlawfirm.com
ep@njlawfirm.com

*Co-Counsel for Plaintiffs Jodda Moore and Terrell Aiken*