IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JODDA MOORE and TERRELL AIKEN, Individually and on Behalf of All Similarly Situated Persons,<br>*Plaintiffs*,<br><br>v.<br><br>INDEPENDENCE BLUE CROSS, LLC d/b/a INDEPENDENCE BLUE CROSS,<br>*Defendant.* | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION<br>: NO. 23-0566<br>:<br>:<br>: |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**AND NOW**, this **12th day of November, 2024**, upon consideration of Plaintiffs' Unopposed Motion for Final Approval of Class and Collective Action Settlement (ECF No. 41), Plaintiffs' Brief in Support of Their Unopposed Motion for Final Approval of Class and Collective Action Settlement (ECF No. 42), and after a hearing on November 12, 2024, this Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. On May 28, 2024, this Court preliminarily approved the proposed class and collective settlement in this hybrid action.

2. In the May 28, 2024 Order, this Court defined the Plaintiffs' Pennsylvania Minimum Wage Act ("PMWA"), Pennsylvania Wage Payment and Collection Law ("WPCL"), and Pennsylvania common law Settlement Class and their 29 U.S.C. § 216(b) Fair Labor Standards Act ("FLSA") Collective Class (collectively the "Class") as "All current and former employees who have worked for Defendant either in-person or remotely at any time from February 13, 2020 through February 13, 2023 in one or more of the following nonexempt positions: (1) customer service representative; (2) senior customer service

representative; (3) lead customer service representative; and/or (4) team lead operations, who were employed in Defendant's Customer Service Department, regardless of the members or clients served." (ECF No. 33 at 1-2).

3. Plaintiffs Jodda Moore and Terrell Aiken, the appointed Class Representatives, have fairly and adequately protected the interests of the Class.

4. Mobilio Wood and Cohn Lifland Pearlman Herrmann & Knopf LLP are appointed as Class Counsel and have adequately represented the Class.

5. Notice of the proposed settlement was initially provided on July 18, 2024 to Class Members by RG/2 Claims Administration LLC ("Administrator"), in compliance with the Court's May 28, 2024 Order.

6. The Court scheduled a Fed. R. Civ. P. 23(e)(2) hearing on November 12, 2024 to determine: (a) whether this action satisfies the criteria for class certification set forth in Fed. R. Civ. P. 23(a) and (b); (b) whether the settlement of this action on the terms and conditions set forth in the Settlement Agreement (ECF No. 31-1) is fair, reasonable, and adequate in consideration of the factors set forth in Fed. R. Civ. P. 23(e)(2) and under the *Girsh* factors; (c) whether the prerequisites to certify the FLSA collective action under 29 U.S.C. § 216(b) have been satisfied for settlement purposes, including that the settlement is a fair and reasonable resolution of a *bona fide* dispute under FLSA provisions; (d) whether final approval should be granted; (e) whether a final order and judgment should be entered dismissing the claims of the Class with prejudice; (f) whether Class Counsel should be appointed; (g) the amount of attorneys' fees and expenses to be awarded to Class Counsel; (h) the amount of the Class Representatives' service awards; and (i) the amount of the Administrator's fees.

7. Notice of the proposed settlement constituted the best notice practicable under the circumstances and was given to all members who could be identified through reasonable efforts.[1]

8. The Class consists of the 1,356 individuals.

9. The deadline for Class Members to exclude themselves from the Class and to serve objections to the settlement was September 5, 2024.

10. There are no individuals who excluded themselves or served objections regarding the Settlement Agreement.

11. Investigation, discovery, settlement negotiations, and briefing of a motion for approval of class action settlement have taken place at expense to the parties.

12. If this Settlement is not approved, there will be expensive future litigation.

13. On November 12, 2024, pursuant to Fed. R. Civ. P. 23(e), a final approval hearing was held.

**The Settlement Agreement**

14. The Settlement Agreement terms were reached after Class Counsel: (a) conducted an investigation of the facts underlying Plaintiff's claims; (b) filed a complaint alleging that Defendant violated the overtime wage provisions of the FLSA, PMWA, and WPCL, and violated unpaid straight-time wages under Pennsylvania common law; (c) conducted necessary discovery to obtain payroll and timekeeping records and data, as well as data related to Defendant's company policies and computer login processes; (e) developed a class-wide damages model, (f) engaged in settlement discussions with the assistance of the

---

[1] After the initial mailing, 80 of the 1,356 notices were returned as undeliverable. Of these, the Administrator was able to retrieve updated addresses for 47 out of the 80 missing addresses.

3

Honorable Thomas J. Rueter; and (g) briefed a joint motion for approval of the Settlement. These actions resulted in an understanding of the strengths and weaknesses of the claims and the Defendant's potential defenses, enabling counsel to make an informed decision that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the settlement class.

15. Settlement negotiations were conducted at arm's length and with the assistance of the Honorable Thomas J. Rueter.

16. The Settlement Agreement was the product of informed analysis by all parties, taking into consideration the respective strengths and weaknesses of the parties' positions.

17. The parties have been and are represented by counsel experienced in class actions and complex commercial matters in the federal courts.

18. Defendant has challenged the claims on legal grounds that raise a potential finding of no liability.

19. The parties believe there are inherent risks in proceeding to trial.

20. The Settlement Agreement will avoid delay in realizing a benefit for the affected Class Members, avoid unnecessary litigation costs, and eliminate uncertainty.

21. The absence of objections to the Settlement Agreement demonstrates support for the approval of this settlement as fair and reasonable.

22. The Settlement Agreement provides relief to several individuals who could not practically seek redress on an individual basis.

23. The Settlement Agreement requires Defendant to pay the Settlement Amount of $667,000.00.

24. The Net Settlement Amount of $375,601.26, which is the Settlement Amount less attorneys' fees ($222,333.33), attorneys' expenses ($7,065.41), administration expenses ($32,000.00), service rewards to Class Representatives ($10,000.00), and a reserve amount ($20,000.00), will be distributed by the Administrator to Class Members entitled to a distribution of the proceeds in accordance with the distribution formula set out in the Settlement Agreement.

25. The Settlement Agreement does not grant preferential treatment to the Class Representatives or segments of the Class.

### Class Counsel's Request for Award of Attorneys' Fees and Expenses and for Class Representative Service Payment

26. Class Counsel has applied for an attorneys' fees award in the amount of $222,333.33, which is 33% of the $667,000.00 Settlement Amount, and for payment of attorneys' out-of-pocket expenses (court filing fees, mediation costs, legal research, travel and lodging, and meals while traveling) in the amount of $7,065.41.

27. Notice of Class Counsel's intention to seek attorneys' fees and an expenses award was provided to Class Members in the Notice of Settlement.

28. There have been no objections to the requested award of attorneys' fees and expenses.

29. Class Counsel conducted a thorough investigation of the facts underlying Plaintiff's claims, engaged in discovery, and engaged in settlement negotiations.

30. The requested attorneys' fee in the amount of $222,333.33, which is 33% of the Settlement Amount, is typical considering fee awards granted in other wage and hour class actions.[2]

31. Class Counsel's requested attorneys' fees are reasonable.

32. The out-of-pocket expenses incurred (court filing fees, mediation costs, legal research, travel and lodging, and meals while traveling) were reasonable and necessary.

33. Using the lodestar method as a cross-check on the reasonableness of the requested fees, Class Counsel's lodestar is $138,972.50 for 263.4 hours worked, which excludes anticipated time spent preparing for, traveling to, and attending the November 12, 2024 hearing.

34. Class Counsel's requested award for attorneys' fees of $222,333.33 results in a multiplier of 1.60.[3]

35. Given the nature of the services provided, Class Counsel's experience in class action cases and the rates of other lawyers in the community with similar skills and experience, Class Counsel's hourly rate is reasonable.

36. The number of hours expended by Class Counsel was not excessive or redundant.

37. Class Counsel has applied for a $5,000.00 service award for each Class Representative, $10,000.00 in total.

---

[2] Attorney's fees, using the percentage-of-recovery method, range from 19% to 45% of the settlement fund. *See In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 736 (3d Cir. 2001) (citation omitted); *Mabry v. Hildebrandt*, No. CV 14-5525, 2015 WL 5025810, at *4 (E.D. Pa. Aug. 24, 2015) (collecting cases).

[3] *See Cendant Corp. PRIDES*, 243 F.3d at 742 (quoting *In re Prudential*, 148 F.3d 283, 341 (3d Cir. 1998) ("'Multipliers ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied.'")).

38. Notice of Class Counsel's intention to seek a $5,000.00 class representative service award for both Jodda Moore and Terrell Aiken was provided to all Class Members in the Notice of Settlement.

39. There have been no objections to the requested service awards.

40. The service awards requested are reasonable.

## CONCLUSIONS OF LAW

### Final Approval of the Settlement Agreement

1. The settlement of a class action requires Court approval after notice to all members of the class. See Fed. R. Civ. P. 23(e).

2. The requirements for class certification set forth in Fed. R. Civ. P. 23(a) and (b) are satisfied.

3. The Settlement Agreement is fair, reasonable, and adequate under Fed. R. Civ. P. 23(e)(2) and the *Girsh* factors.[4] The Class Representatives and Class Counsel have adequately represented the class. The Settlement Agreement was negotiated at arm's length and with the assistance of the Honorable Thomas J. Rueter. The relief provided to the class is adequate, considering all the factors in Fed. R. Civ. P. 23(e)(2)(C). The Settlement Agreement treats Class Members equitably relative to each other under Fed. R. Civ. P. 23(e)(2)(D).

---

[4] The *Girsh* factors are "(1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining a class action through the trial; (7) the ability of defendant to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best recovery; and, (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *In re: Google Inc. Cookie Placement Consumer Privacy Litig.*, 934 F.3d 316, 322 & n.2 (3d Cir. 2019) (quoting *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975)).

4. In addition, the Settlement Agreement satisfies the criteria for a FLSA collective action under 29 U.S.C. § 216(b) because the Settlement Agreement is a fair and reasonable resolution of a *bona fide* dispute. *Kraus v. PA Fit II, LLC*, 155 F. Supp. 3d 516, 523 (E.D. Pa. 2016).

**Approval of Class Counsel's Request for Award of Attorneys' Fees and Expenses**

5. An award for attorneys' fees and expenses in the settlement of a class action requires court approval after notice to all class members in a reasonable manner. Fed. R. Civ. P. 23(h).

6. Notice of Class Counsel's intention to apply for an award of attorneys' fees and expenses has been provided to Class Members in a reasonable manner and satisfies the requirements of Fed. R. Civ. P. 23(h)(1).

7. The court may award "reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).

8. To evaluate what is an appropriate attorneys' fee in a class action, courts generally apply either the percentage-of-recovery method or the lodestar method. *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 279-80 (3d Cir. 2009).

9. Attorneys who create a settlement fund of benefits for class members by virtue of their efforts are entitled to be compensated for their services from that fund. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

10. The percentage-of-recovery method "is generally favored in common fund cases because it allows courts to award fees from the fund 'in a manner that rewards counsel for success and penalizes it for failure.'" *Ins. Brokerage*, 579 F.3d at 280 (quoting *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005)).

11. Regardless of the method chosen, it is prudent to use a second method of fee approval to cross-check the initial fee calculation. *Rite Aid*, 396 F.3d at 300; *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 821 & n.40 (3d Cir. 1995).

12. In evaluating a counsel fee request using the percentage-of-recovery method, the following factors are considered: (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by Class Counsel; and (7) awards in similar cases. *Halley v. Honeywell Int'l, Inc.*, 861 F.3d 481, 496 (3d Cir. 2017) (citing *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000)). Additionally, the following factors are prudentially considered: (8) the value of benefits attributable to the efforts of class counsel relative to the efforts of other groups, such as government agencies conducting investigations, (9) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained, and (10) any innovative terms of settlement. *Halley*, 861 F.3d at 496 (citing *In re Diet Drugs Prod. Liab. Litig.*, 582 F.3d 524, 541 (3d Cir. 2009)).

13. The lodestar method calculates fees by multiplying the number of hours reasonably worked by an appropriate hourly rate based on the given geographical area, the nature of the services provided, and the experience of the attorneys. *Rite Aid*, 396 F.3d at 305. The number of hours expended should not be excessive or redundant and should be appropriately allocated among attorneys and other staff with the proper skill level to reduce costs. *Hensley v. Eckerhart*, 461 U.S. 433-34 (1983).

14. After determining the lodestar, we calculate the "multiplier" by dividing the proposed fee award by the resulting lodestar.

15. Applying both the percentage-of-recovery and lodestar methods, Class Counsel's requests for an award of $222,333.33 for attorneys' fees and $7,065.41 for expenses related to the litigation are fair and reasonable.

BY THE COURT:

_____
HON. KAI N. SCOTT
United States District Court Judge