**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JODDA MOORE, and TERRELL AIKEN, individually and on behalf of all similarly situated persons,<br><br>        Plaintiffs,<br><br>v.<br><br>INDEPENDENCE BLUE CROSS, LLC d/b/a INDEPENDENCE BLUE CROSS,<br><br>        Defendant. | No. 2:23-cv-00566<br><br>(Judge Scott) |

## ORDER

Before the Court is the Plaintiffs' Unopposed Motion for Final Approval of Class and Collective Action Settlement ("Final Approval Motion") seeking final approval of the settlement (the "Settlement") of this class action asserting alleged violations of Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 260.1, *et seq.* ("PMWA") and Pennsylvania common law, and collective action asserting alleged violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"). The terms of the Settlement are set out in the Settlement and Release Agreement ("Settlement Agreement") filed with the Court. See (Doc. 31-1). Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement. The Court, having considered the requirements of 29 U.S.C. § 216(b), Federal Rule of Civil Procedure 23, and the papers and brief filed in support of the Final Approval Motion, hereby **ORDERS** as follows:

1.      The Court has jurisdiction over the subject matter of this lawsuit, Plaintiffs, Settlement Class Members, Settlement Collective Members, and Defendant.

2.      The Court determines that the Settlement, which includes the payment of Six Hundred Sixty-Seven Thousand Dollars ($667,000.00) on behalf of Defendant ("Settlement Amount"), has been negotiated vigorously and at arm's length by and between Class Counsel and Defendant's Counsel.  The Court further finds that at all times Plaintiffs have acted independently and that Plaintiffs and Class Counsel have fairly and adequately represented the Settlement Class and Settlement Collective in connection with the Lawsuit and the Settlement. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

3.      The Court determines that the Notice of Settlement transmitted to the Settlement Class Members and Settlement Collective Members, pursuant to the Preliminary Approval Order and in accordance with the Settlement Agreement, is the best notice practicable under the circumstances and included individual notice to all members of the settlement classes who could be identified through reasonable efforts. The Notice of Settlement, along with the posting of the Notice of Settlement on the website identified in the Notice of Settlement, as well as mailing, via First Class Mail, of the Notice of Settlement to members of the settlement classes, provides valid, due and sufficient notice of the Final Approval Hearing and of the other matters set forth therein, including the terms of the Settlement Agreement and the Settlement, and thus the Notice of Settlement has satisfied the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

4.      Pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23(b)(3), the Court previously certified a Settlement Class consisting of:

> **Settlement Class:**  All current and former employees who have worked for Defendant either in-person or remotely at any time from February 13, 2020 through February 13, 2023 in one or more of the following non-exempt positions: (1) customer service

representative; (2) senior customer service representative; (3) lead customer service representative; and/or (4) team lead operations, who were employed in Defendant's Customer Service Department, regardless of the members or clients served.

**Settlement Collective:** All current and former employees who have worked for Defendant either in-person or remotely at any time from February 13, 2020 through February 13, 2023 in one or more of the following non-exempt positions: (1) customer service representative; (2) senior customer service representative; (3) lead customer service representative; and/or (4) team lead operations, who were employed in Defendant's Customer Service Department, regardless of the members or clients served.

No evidence has been submitted to the Court that alters the Court's determination that certification of the settlement classes is appropriate. As such, the Court hereby approves the maintenance of the Lawsuit as a collective action pursuant to 29 U.S.C. § 216(b) and a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3). In addition, pursuant to Federal Rule of Civil Procedure 23(g), the Court also hereby appoints Plaintiffs as the representatives of the settlement classes and Mobilio Wood, and Cohn Lifland Pearlman Herrmann & Knopf LLP, as Class Counsel.

5.    The Court finds that the Settlement is fair, reasonable, and adequate and hereby finally approves the Settlement Agreement submitted by the Parties, including the Released Claims set forth in Paragraph 71 of the Settlement Agreement.

6.    The Court finds reasonable the service payments for Plaintiffs Jodda Moore and Terrell Aiken. Specifically, the Court awards $5,000 to Plaintiff Jodda Moore, and $5,000 to Plaintiff Terrell Aiken. These amounts shall be paid from the Maximum Settlement Amount.

7.    The Court grants Class Counsel's request for $222,333.33 in attorneys' fees, which is one-third of the Maximum Settlement Amount, plus $7,065.41 in costs and expenses reasonably expended litigating and resolving the lawsuit. The proposed expenses and fees are fair and reasonable and adequately reflect the risk counsel took in pursuing the case and a fair market value

for the services provided. This conclusion is supported by the tangible benefits conferred on the class as a result of the legal services provided by Class Counsel, the complex nature of the litigation, the substantial risks involved, the quality of the work performed, and the efficient manner in which this litigation was resolved. These amounts shall be paid from the Maximum Settlement Amount.

8.      The Court approves the Administrator's fees, which shall be paid from the Maximum Settlement Amount.

9.      No other amounts, not otherwise set forth in this Order, authorized by this Court or permitted or required under the Settlement Agreement, shall be paid from the Maximum Settlement Amount.

10.     The Court approves Philabundance as the *cy pres* recipient.

11.     Based on the Settlement, the Court hereby dismisses the Complaint and the Lawsuit against Defendant with prejudice on the merits. Judgment is entered pursuant to Federal Rule of Civil Procedure 54(b).

12.     As of the Effective Date, all release provisions within the Settlement Agreement shall be given full force and effect in accordance with each and all of their express terms and provisions including the Released Claims set forth in the Settlement Agreement. As set forth in the Settlement Agreement, Settlement Participants are deemed to have released their claims under the Fair Labor Standards Act and applicable state laws as set forth in Paragraph 71 in the Settlement Agreement.

13.     In the event that the Settlement Agreement is terminated in accordance with its terms, this Order and Judgment shall be rendered null and void, *ab initio*, and shall be vacated *nunc pro tunc*, and this Lawsuit shall for all purposes with respect to the Parties revert to its status

as of the day immediately before the execution of the Settlement Agreement.

14.     The Court retains exclusive jurisdiction to enforce the terms and provisions of the Settlement Agreement and this Order.

15.     The Parties are hereby ordered to comply with the terms of the Settlement Agreement and this Order.

**IT IS SO ORDERED** this _18th_ day of _November_, 20_24_.

Kai N. Scott
United States District Judge

5